IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE MOTION TO INTERVENE AND FOR UNSEALING BY EMPOWER OVERSIGHT | 24-MC-58 (JEB)<br><br>UNDER SEAL |

GOVERNMENT'S OPPOSITION TO MOTION TO
INTERVENE AND FOR UNSEALING

The United States opposes the Motion to Intervene and for Unsealing ("Motion") filed by Empower Oversight Whistleblowers & Research ("Empower"). Empower attaches to its Motion a document it labels a "Grand Jury Subpoena" (Motion at 1, Exh. B) and several Non-Disclosure Orders ("NDOs") granted under the Stored Communications Act ("SCA") regarding that subpoena (Motion at Exh. A).[1] Yet, Empower then fails to address Fed. R. Crim. P. 6(e) and the caselaw governing the disclosure of grand jury materials anywhere in its Memorandum in Support of its Motion. As discussed herein, there is no common law or First Amendment right of access to grand jury materials, and Rule 6(e) does not permit disclosure of the materials that Empower seeks to unseal.

I.  **The Authority Relied Upon by Empower Does Not Support Its Intervention**

Empower argues it should be permitted to intervene under Fed. R. Civ. P. 24(b) and caselaw interpreting that rule.[2] (Motion at 8-12). Civil Rule 24(b) allows a court to permit

---

[1] On its face, Exhibit B purports to be a grand jury subpoena. The government will not confirm any matter occurring before the grand jury to which Exhibit B relates. For purposes of this Motion, however, the government will assume the validity of Exhibit B as a grand jury subpoena.

[2] While Empower included a citation to Local Criminal Rule 57.6 in its cover Motion, it did not mention or even discuss that rule in its Memorandum in Support of its Motion.

1

RECEIVED
JUN 20 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

intervention by those who have "a claim or defense that shares with the main action a common question of law or fact." Under this rule, courts have generally allowed parties to intervene to challenge confidentiality orders, typically over discovery materials. *See, e.g.*, *League of Women Voters of United States v. Newby*, 963 F.3d 130 (D.C. Cir. 2020); *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042 (D.C. Cir. 1998); *see also Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661 (D.C. Cir. 2017) (reversing denial of intervenors' challenge to redactions in briefs).

Empower cites no authority supporting the proposition that Civil Rule 24(b) should apply to motions to unseal grand jury materials, which necessarily relate to a *criminal* matter. Indeed, Civil Rule 24(b) provides no such right. Nor, as shown below, is there a common law right of access to grand jury materials which Empower could enforce. Accordingly, this Court should reject Empower's claim that Civil Rule 24(b) permits it to intervene in this matter.[3]

## II. Even If Empower Is Permitted to Intervene, This Court Should Deny the Motion

Even if this Court permits Empower to intervene for purposes of filing its Motion, the Court should deny the Motion on its merits.

Empower's Motion seeks to unseal the government's applications in support of NDOs regarding a specific grand jury subpoena (collectively "Grand Jury Materials") issued under the

---

[3] More appropriate bases for intervention would be this court's Local Criminal Rules 6.1 and 57.6, which collectively provide: "[p]apers, orders and transcripts of hearings subject to this Rule, or portions thereof, may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury"), and "[a]ny news organization or other interested person, other than a party or a subpoenaed witness, who seeks . . . relief relating to a criminal investigative or grand jury matter, shall file an application for such relief with the Court." *See, e.g.*, *In re Los Angeles Times Commc'ns LLC*, 628 F. Supp. 3d 55 (D.D.C. 2022) (granting in part Rule 57.6 application); *United States v. Torrens*, 560 F. Supp. 3d 283 (D.D.C. 2021) (granting such an application).

Stored Communications Act ("SCA").[4] Empower argues that such unsealing is proper either under a common law and/or First Amendment right of access to the materials (Motion at 5-8, 13-16, 18-23) or under this Court's inherent authority (Motion at 23-24). Neither claim is correct. Thus, Empower's lengthy discussion (Motion at 13-18) applying the legal test under *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), is irrelevant. Applying the proper test for evaluating motions to unseal grand jury materials shows that Empower's motion should be denied.

    A.    <u>There Is No Common Law or First Amendment Right of Access to Grand Jury Materials</u>

While Empower seeks access to materials related to a grand jury subpoena, it steadfastly avoids citing or discussing any caselaw that addresses unsealing of grand jury material. This omission is fatal to its argument. When materials are protected by grand jury secrecy rules, a different test applies. The D.C. Circuit has consistently recognized that Rule 6(e) "expressly directs secrecy as the default position, and thus displaces the common-law right of access." *In re the Application of Jason Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1130 (D.C. Cir. 2020) ("*Leopold*"); *accord In re Sealed Case*, 199 F.3d 522, 526 (D.C. Cir. 2000) (rejecting news organization's claim to obtain records of grand jury ancillary

---

[4] The SCA creates a comprehensive legal framework for issuing legal process for communication providers. It also includes certain limited rights of intervention and to bring civil actions, as well as limitations on causes of action. *See, e.g.,* 18 U.S.C. § 2703(e) (no cause of action against a provider disclosing information under this chapter), § 2704(b) (procedures for customer challenges if legal process was issued under 18 U.S.C. §2704), § 2707 (civil right of action for certain violations of law). These rights are limited and exclusive, and Courts have recognized that the SCA does not permit intervention by account holders where the government process at issue is directed at a service provider, and the government is not proceeding under 18 U.S.C. § 2704. *See, e.g.*, *In re Application of the United States of America for an Order Pursuant to 18 U.S.C. 2703(d)*, 830 F. Supp.2d 114, 129 (E.D. Va. 2011) (rejecting account holder from intervening to challenge a SCA order, finding that the account holders "had no statutory standing" to bring their motion); *In re Grand Jury Subpoena to Google LLC Date March 20, 2019*, 2020 WL 13505395 at *6 (S.D.N.Y. January 31, 2020) (holding that Google had no standing to challenge NDO and § 2703(d) Order on its own or on behalf of account holders).

proceedings and holding "[T]he grand jury context is unique.  It is because of their unique status that grand jury processes are not amenable to the practices and procedures employed in connection with other judicial proceedings"); *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 504 (D.C. Cir. 1998).  In doing so, the D.C. Circuit explicitly contrasted grand jury records and orders with the type of legal process to which there was a common law right of access – such as 2703(d) applications/orders, pen register trap and trace applications/orders, and SCA search warrants.  *See Leopold*, 964 F.3d at 1130.

Similarly, with respect to a First Amendment claim regarding grand jury materials, the D.C. Circuit has found no such right of access under the Constitution.  *In re Dow Jones*, 142 F.3d at 499-500; *accord In re Sealed Case*, 199 F.3d at 526.  Indeed, in *In re Dow Jones*, the D.C. Circuit noted that it was a "settled proposition, one the press does not contest," that "there is no First Amendment right of access to grand jury proceedings."  142 F.3d at 499.  Likewise, with respect to ancillary grand jury proceedings, the D.C. Circuit concluded that the Supreme Court and Congress agreed that "no such constitutional right exists." *Id.* at 500.

Here, where the motion involves ancillary grand jury materials, the governing provision is Rule 6(e)(6), which provides that "[r]ecords, orders, and subpoenas related to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6); *see also Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 669 (D.C. Cir. 2017) ("[T]he *Hubbard* inquiry must yield to a statute when Congress has spoken directly to the issue at hand." (internal quotation marks omitted)).

B.    <u>This Court Lacks Supervisory Authority to Unseal Grand Jury Materials</u>

Empower also asks this Court to invoke "its discretionary disclosure authority" to unseal the records (Motion at 23 (capitalization altered)), but it ignores binding Circuit precedent holding that no such authority exists. In *McKeever v. Barr*, 920 F.3d 842 (D.C. Cir. 2019), the D.C. Circuit reversed the district court's unsealing of grand jury material and held that the Court does not have inherent authority to unseal even 60-year-old grand jury materials unless one of the narrow exceptions to Rule 6(e) applies. A "district court has no authority outside Rule 6(e) to disclose grand jury matter." *Id.* at 850. Empower has not claimed that any of the enumerated Rule 6(e) exceptions apply, nor could they plausibly do so. Empower's claim that this Court has inherent discretion to unseal the Grand Jury Materials is therefore misplaced.

C.    <u>The Grand Jury Materials that Empower Seeks to Unseal Have Not Been Disclosed by the Government or by a Grand Jury Witness</u>

The D.C. Circuit has recognized that this Court has the power to unseal grand jury materials where the grand jury investigation has been broadly and publicly disclosed. *See, e.g., In re Cheney*, No. 23-5071, 2024 WL 1739096 (D.C. Cir. Apr. 23, 2024) (unpublished decision); *In re Press Application for Access to Jud. Recs. Ancillary to Certain Grand Jury Proc. Concerning Former Vice President Pence ("In re Press App. Concerning VP Pence")*, 678 F. Supp. 3d 135, 141-43 (D.D.C. 2023) (Boasberg, C.J.); *In re New York Times,* 657 F. Supp. 3d at 155.

The public disclosure cases recognize that, if the government discloses significant grand jury information, or a witness before the grand jury or their attorney openly and broadly discloses information about their grand jury testimony to the media, it is likely "sufficiently widely known" to allow for at least partial unsealing. *See In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994); *see also In re Press App. Concerning VP Pence*, 678 F. Supp. 3d at 141-43. However, "not every public disclosure waives Rule 6(e) protections," *In re Grand Jury Subpoena, Judith Miller,* 493

5

F.3d 152, 154 (D.C. Cir. 2007), and news stories quoting sources and people familiar with the matter clearly do not constitute public disclosure sufficient to permit unsealing of grand jury material. *See In re NY Times*, 657 F.Supp.3d at 157 (*citing In re Dow Jones,* 142 F.3d at 505). "Absent such reliable, credible, and authoritative disclosures of grand jury matters, Rule 6(e) protections remain intact." *In re New York Times*, 657 F.Supp.3d at 152; *accord In re Press App. Concerning VP Pence*, 678 F. Supp. 3d at 141 (recognizing that Rule 6(e) secrecy is not "waived" once any public disclosure has occurred).

Empower makes no claim that any grand jury proceeding that gave rise to the subpoena attached to its Motion as Exhibit B has been broadly and publicly disclosed by the government or witnesses who appeared before that grand jury. Instead, it relies on materials and information provided by others, namely one service provider and unattributed private statements made by other persons, as a basis to assert that the other accounts listed in the same subpoena belonged to other Congressional staffers, in addition to Mr. Foster. *See* Motion at 2. While Empower makes a number of speculative claims about the motivations for the subpoena (*see* Motion at 3-4), it does not claim that the government has made public the nature and scope of any grand jury investigation that gave rise to the subpoena.[5] Further, neither Mr. Foster nor Empower claim to be a witness who testified before the grand jury. Rather, the Motion here appears to be predicated on a desire to know more information about any such proceeding. In such circumstances, one cannot fairly

---

[5] The Motion (at 3-4) notes that the Department of Justice's Office of Inspector General has made a public statement that it is "reviewing the DOJ's use of subpoenas and other legal authorities to obtain communication records of Members of Congress and affiliated persons, and the news media in connection with recent investigations of alleged unauthorized disclosures of information to the media[.]" This broad statement about a policy topic of investigation in no way constitutes a public statement about the specific subpoena at issue here.

say that "the cat is out of the bag."  *See Miller,* 493 F.3d at 154-55; *In re North*, 16 F.3d at 1245; *In re Press App. Concerning VP Pence*, 678 F. Supp. 3d at 141.

Empower's citations to news stories in its Motion are no different from the types of sources that the D.C. Circuit has consistently found insufficient to create any unsealing requirement.  *See In re Dow Jones,* 142 F.3d at 505; *In re NY Times*, 657 F.Supp.3d at 152, 157.  Here, Mr. Foster and Empower are in the same position as countless individuals around the country each day who are notified by a service provider that the government has subpoenaed non-content records from one or more of their accounts.  The government is aware of no court that has found such a disclosure to be a sufficient basis to unseal the government's applications for NDOs in those grand jury matters.

    D.    <u>The Grand Jury Materials that Empower Seeks to Unseal Cannot be Redacted in Any Meaningful Way Without Revealing a Matter Occurring Before the Grand Jury</u>

The D.C. Circuit has "said that '[t]he disclosure of information coincidentally before the grand jury [can] be revealed in such a manner that its revelation would not elucidate the inner workings of the grand jury is not prohibited,'" *In re Sealed Case No. 99-3091*, 192 F.3d 995, 1002 (D.C. Cir. 1999) (quoting *Senate of the Commonwealth of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987)), but "sometimes 'redaction is simply not possible.'"  *Dow Jones*, 142 F.3d at 505 (quoting *In re North*, 16 F.3d 1234, 1242 (D.C. Cir. 1994)).  As discussed in greater detail in an accompanying *ex parte* sealed Addendum, no such redactions are possible here.  To secure a non-disclosure order under § 2705(b), the government must show "that notification of the existence of the court order may have an adverse result," and such a showing in relation to a grand jury subpoena, by its very nature, "would reveal something about the grand jury's identity, investigation, or deliberation."  *Labow v. U.S. Dep't of Justice*, 831 F.3d 523, 529 (D.C. Cir. 2016).  It is therefore not surprising that the *Leopold* litigation specifically excluded

7

from public redaction and review the precise type of materials that Empower seeks to unseal here – SCA legal process filed in conjunction with grand jury subpoenas, such as NDOs under 18 U.S.C. § 2705(b) and applications for those orders. *Leopold*, 964 F.3d at 1128 n.1 (limiting right of access to SCA warrants, § 2703d orders, and pen registers). In this context, the Grand Jury Materials sought by Empower are inextricably linked to matters occurring before the grand jury and impossible to redact in any meaningful way.

Empower has failed to show any basis for disclosing the Grand Jury Materials that it seeks to unseal. Accordingly, its motion should be denied.

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

 /s/ *Gregg A. Maisel*
Gregg A. Maisel
D.C. Bar No. 447902
Assistant United States Attorney
Chief, National Security Section
Deputy Chief, Criminal Division
601 D Street, N.W.
Washington, DC 20530
Office: 202-252-7812
Gregg.Maisel@usdoj.gov

MATTHEW G. OLSEN
Assistant Attorney General
D.C. Bar No. 425240

 /s/ *Jennifer K. Gellie*
Jennifer Kennedy Gellie
Executive Deputy Chief
Performing the duties of Chief
D.C. Bar No. 1020976
Counterintelligence and Export Control Section
National Security Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20350
Phone: (202) 233-0986
Jennifer.Gellie@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that this Opposition was served on counsel for the Applicant via email, this 20th day of June, 2024.

                                                 */s/ Gregg A. Maisel*
                                                 Gregg A. Maisel